```
THE BERLINER FIRM
Andrew Wheeler-Berliner
Cal. Bar # 290495
4000 Third Ave. South, Ste 109
Birmingham, AL 35205
Telephone: 205.765.7324
Andrew@theberlinerfirm.com
```

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| **MARTIN LEMP, individually and on behalf of all others similarly situated,** <br><br> **Plaintiff**, <br><br> v. <br><br> **SETERUS, INC.,** <br><br> **Defendant.** | Case No. <br><br> **CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiff Martin Lemp files this complaint under California's Rosenthal Fair Debt Collection Practices Act. Cal. Civ. Code §§ 1799 et seq. Plaintiff is the owner of a house at 1200 Boole Road, Applegate, California, which is subject to a mortgage serviced by Defendant Seterus, Inc ("Seterus"). This Complaint alleges that Seterus charged Plaintiff, and the rest of its customers in California, a fee for paying online or over the phone. Because Seterus retains a portion of this fee, it is illegal under California law.

## PARTIES

1. Plaintiff Martin Lemp is an adult resident citizen of Placer County, California, and owns property located at 1200 Boole Road in Applegate, California.

Class Action Complaint

2. Defendant Seterus, Inc. is an entity existing pursuant to the laws of Delaware with its principal place of business in Research Triangle Park, North Carolina. Defendant is therefore a corporate citizen of Delaware and North Carolina.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because these claims form part of a class action in which the amount in controversy exceeds the sum of $5,000,000 and the class contains citizens of different states than the Defendant.

4. Venue is proper in this court under 28. U.S.C. § 1391(b)(2) because this action concerns a mortgage on real property in the Eastern District of California and a substantial part of the events giving rise to Plaintiff's claims took place in the Eastern District of California.

## FACTUAL BACKGROUND

5. Plaintiff is a consumer who purchased his home at 1200 Boole Road, Applegate, California in a consumer credit transaction, as defined by the Rosenthal FDCPA codified at Cal. Civ. Code 1788.2.

6. Plaintiff financed this purchase with a mortgage that was entered into on August 7, 2015. This mortgage came to be serviced or owned by Seterus prior to one year before the filing of this complaint.

7. Under the Rosenthal FDCPA, Seterus is a debt collector because it regularly engages in debt collection, on behalf of itself or others. Cal. Civ. Code § 1788.2(c).

8. In each month between May of 2017 and the present, Plaintiff was charged a fee of either $10.00 (labeled REPPAY) or $5.00 (labeled WEBPAY) for making his payment over the phone or online.

9. Seterus's website admits that it charges the $5.00 for paying online, but does not

Class Action Complaint

mention the phone payment fee. "Pay Online," https://www.seterus.com/Borrowers/Payment (last accessed May 21, 2018.)

10. Convenience fees such as those charged by Seterus have been held unlawful and violate the Rosenthal Act when the debt collector retains any portion of the fee instead of passing the entire fee through to the payment processor.

11. Seterus does not pass the entire fee to a payment processor and instead retains a considerable portion thereof.

## CLASS ACTION ALLEGATIONS

12. This statewide class action against Seterus is maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff Jennifer Newkirk seeks to represent the following class against Seterus:

> All individuals in the state of California, who, during the applicable limitations period, paid a convenience fee to Seterus for paying over the phone or online in connection with any residential mortgage loan owned or serviced by Seterus. All employees of the Court and Plaintiff's counsel are excluded from this class.

13. Pursuant to Rule 23(a)(1), the class is so numerous that joinder of all class members is impracticable. Seterus describes itself as "one of the nation's leading specialty loan servicing companies." https://www.seterus.com/Home/About (last accessed May 21, 2018). Seterus has hundreds if not thousands of customers in California, the nation's most populous state, many of whom pay online or over the phone.

14. Pursuant to Rule 23(a)(2), this case is predominated by one question of law and fact that is common to all members of the class: does charging a fee, not authorized by the contract or any provision of existing law, violate the Rosenthal FDCPA.

15. Pursuant to Rule 23(a)(3), the claims of the named Plaintiff are typical of those of the class.

16. Pursuant to Rule 23(a)(4), the named Plaintiff will fairly and adequately represent the interests of the class. The named Plaintiff has no interests adverse to the interests of absent class members. The named Plaintiff has hired experienced class action plaintiff lawyers as class counsel, who will diligently and competently represent the interests of the class.

17. Pursuant to Rule 23(b), questions of law and fact common to all class members predominate over any questions affecting only individual class members. The claims of the named Plaintiff, like those of all the class members, arise out of a common course of conduct by Seterus to charge illegal fees. Any questions individual to the class members, such as how many times they were charged such fees, can be answered by the Defendant's own records. For this reason, a class action is far superior to other available methods of adjudicating this controversy. Individual lawsuits would be inefficient and duplicative by comparison.

## CLAIM FOR RELIEF: VIOLATION OF THE ROSENTHAL FDCPA

18. The factual information in Paragraphs 5-11 is hereby incorporated by reference as if fully set forth herein.

19. The Rosenthal FDCPA applies to Seterus because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

20. By charging the fees to pay online or over the phone, a portion of which it retains, Seterus acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. 1692f(1).

21. The plain instruction of § 1692f(1) is that the collection of any amount incidental to the principal obligation, unless expressly authorized by agreement creating the debt or permitted

Class Action Complaint

by law, violates the FDCPA. Courts have interpreted the FDCPA broadly. See, e.g., Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989) ("It is clear that Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them."). Any fee that is retained in whole or in part violates the statute. See, e.g., Lindblom v. Santander Consumer USA, Inc., 2016 WL 2841495 (E.D. Cal. May 9, 2016); Weast v. Rockport Fin., LLC, 115 F. Supp. 3d 1018, 1019 (E.D. Mo. July 17, 2015); Wittman v. CB1, Inc., 2016 WL 1411348 (D. Mont. Apr. 8, 2016).

22. Because Seterus violated 15 U.S.C. 1692f(1), it also violated Cal. Civ. Code § 1788.17, which prohibits any entity covered by the Rosenthal FDCPA from violating the federal FDCPA.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

(A) An order certifying the above-described statewide class pursuant to Fed. R. Civ. P. 23, with notice as applicable to the absent class members

(B) An order appointing Plaintiff's counsel as class counsel for the statewide class;

(C) A declaratory ruling that the Defendant has engaged in the practices alleged herein in violation of California law.

(D) Upon a jury verdict, an award of compensatory and statutory damages under the Rosenthal FDCPA

(E) An award of attorneys' fees and costs as authorized by the Rosenthal FDCPA

(F) Such further and different relief as the Court may deem appropriate

**JURY DEMAND**

Plaintiff demands trial by struck jury of all issues

Class Action Complaint

|   |   |
|---|---|
| 1 | /s/ Andrew Wheeler-Berliner |
|   | Attorney for Plaintiffs |

OF COUNSEL:

Andrew Wheeler-Berliner
THE BERLINER FIRM
4000 Third Ave. South, Ste 109
Birmingham, AL 35205
Telephone: 205.765.7324
Andrew@theberlinerfirm.com

John E. Norris
Dargan M. Ware
DAVIS & NORRIS, LLP
2154 Highland Ave. S.
Birmingham, AL 35205
Telephone: (205) 930-9900
Facsimile: (205) 930-9989
jnorris@davisnorris.com
dware@davisnorris.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all counsel of record on May 4, 2018 through the CM/ECF Electronic Filing System of the United States District Court for the Eastern District of California.

/s/ Andrew Wheeler-Berliner
One of the Attorneys for Plaintiffs

Class Action Complaint

Class Action Complaint