UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEMP, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SETERUS, INC.,<br><br>    Defendant. | No. 2:18-cv-01313-TLN-KJN<br><br>**ORDER** |

      This matter is before the Court on Plaintiff Martin Lemp's ("Plaintiff") Motion to Amend. (ECF No. 33.) Defendant Seterus, Inc. ("Defendant") opposed the motion. (ECF No. 34.) Plaintiff replied. (ECF No. 35.) For the reasons set forth below, the Court GRANTS Plaintiff's motion. (ECF No. 33.)

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2018, Plaintiff filed the First Amended Complaint ("FAC"), in which he alleges that Defendant charged fees for making mortgage payments online or over the phone in violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter, "Rosenthal Act"). (ECF No. 13.) On August 14, 2019, Plaintiff filed the instant motion to amend. (ECF No. 33.) Plaintiff seeks to add a claim for Defendant's alleged violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter, "FDCPA") and to certify a nationwide class. (ECF No. 33-1.) Defendant filed an opposition on September 5, 2019. (ECF No. 34.) On September 12, 2019, Plaintiff filed a reply. (ECF No. 35.)

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent, then good cause cannot be shown and the inquiry should end. *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

**III.     ANALYSIS**

   A.     Rule 16

Because the Court's pretrial scheduling order requires Plaintiff to show good cause at this stage, Plaintiff must first meet Rule 16's good cause standard.  (*See* ECF No. 20 at 1.)

Defendant argues that Plaintiff cannot show good cause because Plaintiff had the information necessary to add the FDCPA claim as early as May 2018.  (ECF No. 34 at 6–9.) Moreover, Defendant states that on December 10, 2018, Defendant gave Plaintiff over 6,000 pages of documents related to Plaintiff's individual loan file.  (ECF No. 34 at 7.)  Defendant contends that Plaintiff's failure to review Defendant's documents and amend the FAC earlier shows a lack of diligence.  (ECF No. 34 at 5–7.)

Despite Defendant's arguments, the Court finds that Plaintiff made a sufficient showing of diligence given the complexities and circumstances of this case.  For example, Plaintiff argues that the documents he received in December 2018 only supported an individual FDCPA claim, not a class action.  (ECF No. 35 at 2–4.)  Plaintiff states that once he knew about his individual claim, Plaintiff submitted requests for production of information regarding both the California and potential FDCPA class.  (ECF No. 35 at 3.)  Plaintiff contends that he did not receive information about either class until May 3, 2019.  (ECF No. 35 at 3.)  Based on the limited information before the Court and given the inherently complex nature of class action litigation, the Court finds that Plaintiff was reasonably diligent such that he satisfies Rule 16's good cause standard.

   B.     Rule 15

The Court now turns to whether Plaintiff's motion is proper under Rule 15.  Defendant does not argue that Plaintiff is acting in bad faith, nor does he argue that the proposed amendment would be futile.  Rather, Defendant argues only that granting leave to amend would prejudice Defendant and cause undue delay.  (ECF No. 34 at 10–11.)  The Court will address Defendant's

arguments in turn.

### i. Prejudice

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citation omitted). Courts have found proposed amendments to be prejudicial when leave to amend is requested as a relevant discovery deadline nears or has already passed. *See*, *e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

At the time Defendant filed its opposition, the class discovery deadline was September 16, 2019, and Defendant expressed concern that it would have less than a month to conduct discovery on the FDCPA claim before the deadline. (ECF No. 34 at 2, 10.) Approximately a month after Defendant filed its opposition, the parties stipulated to continue the discovery deadline and class certification hearing in the event the Court grants the instant motion. (ECF No. 39.) The Court finds that the parties' intervening stipulation eliminates Defendant's concern about discovery-related prejudice. Accordingly, this factor weighs in favor of granting leave to amend.

### ii. Undue Delay

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). However, "undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Here, Defendant argues that Plaintiff had no good reason to wait over eight months to add the FDCPA claim. (ECF No. 34 at 11.) In reply, Plaintiff responds that he delayed amending the FAC to ensure that he could represent the potential FDCPA class. (ECF No. 35 at 3.) Plaintiff

also states that Defendant was at least partially responsible for the delay by not responding or producing requested information. (ECF No. 35 at 3.) Finally, Plaintiff contends that he was trying to be prudent before expanding this case to include a nationwide FDCPA class. (ECF No. 35 at 3.)

The Court notes that even if Plaintiff's delay was unreasonable, that factor alone is insufficient to deny Plaintiff's motion, especially when the remaining Rule 15 factors weigh in favor of granting leave to amend. *See Bowles*, 198 F.3d at 758. However, as discussed, Plaintiff's delay was not unreasonable based on the complexities of class action litigation and the circumstances of this particular case. Therefore, this factor also weighs in favor of granting leave to amend.

In sum, the Court finds that Plaintiff met Rule 16's good cause standard. The Court also finds that the Rule 15 factors weigh in favor of granting Plaintiff's motion because (1) there is no evidence of bad faith, (2) the proposed amendment would not be futile, (3) the joint stipulation to continue the discovery deadlines and class certification hearing eliminates any prejudice to Defendant, and (4) Plaintiff's delay does not rise to the level of undue delay.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend is GRANTED. (ECF No. 33.) The Court ORDERS Plaintiff to file his amended complaint within fourteen (14) days of this Order. The Court also ORDERS the parties to file a joint status report or, if possible, a stipulation and proposed order within thirty (30) days of this Order, in which the parties shall propose dates for the class discovery deadline, expert witness disclosure deadline, and class certification hearing.

IT IS SO ORDERED.

Dated: January 27, 2020

Troy L. Nunley
United States District Judge